IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRINH VINH BINH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-2234 |
| | § | |
| KING & SPALDING, LLP, REGINALD | § | |
| R. SMITH, and CRAIG S. MILES, | § | |
| | § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendants King & Spalding, LLP, Reginald R. Smith, and Craig S. Miles (collectively,

"Defendants" or "King & Spalding") hereby notify this Court that they are removing the above-

captioned civil action, currently pending in the 80th Judicial District Court of Harris County,

Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Defendants invoke the Convention on the Recognition and Enforcement of Foreign Arbitral

Awards, 9 U.S.C. § 205, as the basis for removal.

## GROUNDS FOR REMOVAL

1.      This Court has jurisdiction pursuant to the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, also known as the New York Convention, 9 U.S.C.

§ 201, *et seq.* The Convention states, in relevant part:

> An action or proceeding falling under the Convention shall be
> deemed to arise under the laws and treaties of the United States. The
> district courts of the United States … shall have original jurisdiction
> over such an action or proceeding, regardless of the amount in
> controversy.

9 U.S.C. § 203. The Convention further states that defendants may remove an action to federal

court "[w]here the subject matter of an action or proceeding pending in a state court relates to an

arbitration agreement or award falling under the Convention." *Id.* § 205. In short, removal requires only that the state court action "relates to" an arbitration agreement that "fall[s] under the Convention." *Id.* §§ 203, 205.

2.      In legislation implementing the Convention, "Congress created special removal rights to channel cases into federal court" because "uniformity is best served by trying all [Convention] cases in federal court." *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (alteration in original) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207-08, 1213 (5th Cir. 1991)). As a result, the removal provision in Section 205 is "one of the broadest … in the statute books" and is "[s]o generous" that "the general rule of construing removal statutes strictly against removal cannot apply." *Id.* (citation omitted). Section 205 also "overrides the well-pleaded complaint rule" by providing that "the ground for removal … need not appear on the face of the complaint but may be shown in the petition for removal." *Vaden v. Discover Bank*, 556 U.S. 49, 59 n.9 (2009) (quoting 9 U.S.C. § 205). Additionally, in light of "the strong federal policy in favor of enforcing arbitration agreements," any "doubts as to whether a contract falls under the Convention Act should be resolved in favor of arbitration." *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 274-75 (5th Cir. 2002) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985)).

3.      Litigation "relates to" an agreement if the action has some "connection with" or "reference to" it. *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). The phrase "relates to" is "broad" and read "expansively" to confer jurisdiction "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case." *Id.* at 669, 674. This element does not require the Court to determine whether the claims at issue are arbitrable. *See id.* at 671 ("The

definition of 'relates to' we have adopted … keeps the jurisdictional and merits inquiries separate."); *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 495-96 (5th Cir. 2020) ("[T]he jurisdictional inquiry does not require us to decide whether an arbitration agreement will end up governing the lawsuit. … Removal to federal court may thus be proper even when it turns out there is no arbitration agreement."). Instead, this "low bar" is satisfied if the defendant asserts a connection between the litigation and the arbitration agreement that "is not completely absurd or impossible." *Beiser*, 284 F.3d at 669; *see also id.* at 671-72 ("[A]bsent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim.").

4.       "For an arbitration agreement to be covered by the Convention, four requirements must be met: (1) there must be an agreement in writing to arbitrate the dispute; (2) the agreement must provide for arbitration in the territory of a Convention signatory; (3) the agreement to arbitrate must arise out of a commercial legal relationship; and (4) at least one party to the agreement must not be an American citizen." *Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909-10 (5th Cir. 2019); *see also* 9 U.S.C. § 202 (defining an agreement "falling under" the Convention); *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 712 (5th Cir. 2017) (listing the same four "requirements for Convention jurisdiction").

5.       Here, on June 11, 2021, Plaintiff Trinh Vinh Binh ("Plaintiff" or "Mr. Trinh") filed a Petition in Harris County District Court against the three Defendants: a law firm, King & Spalding, and two of its partners, Mr. Smith and Mr. Miles. The Texas state court case is styled *Trinh v. King & Spalding, et al.*, Cause No. 2021-35240 ("State Court Action").

6.       On July 2, 2021, Mr. Trinh filed an Amended Petition in Harris County District Court (the "Petition"). The Petition is attached as Exhibit 1. Mr. Trinh's claims involve King &

Spalding's representation in an arbitration proceeding against the Republic of Vietnam. Petition

¶ 10. Apparently dissatisfied with the $45 million judgment King & Spalding obtained on his

behalf, Mr. Trinh contends the award was a "drastic departure from [his] entitlement" and "grossly

at odds with the true amount of [his] damage." *Id.* ¶ 17.

       7.      The commercial contract containing the arbitration agreement that provides the

basis for this Court's jurisdiction, titled the Prepaid Forward Purchase Agreement ("PFPA"), is

attached as Exhibit 2.[1] Executed in 2015, the PFPA established the terms by which Van Buren

FundingCo, LLC, now known as Burford Capital LLC ("Burford"), agreed to fund the legal

proceedings King & Spalding prosecuted on behalf of Mr. Trinh. *See* Petition ¶ 11. Section 7.4 of

the PFPA mandates arbitration of "[a]ny controversy or claim arising out of or relating to this

Agreement or any other Transaction Document, or the breach thereof." PFPA § 7.4. The term

"Transaction Document" is defined to include a "Counsel Letter" between Mr. Trinh and King &

Spalding. *See* PFPA § 1. The Counsel Letter, attached as Exhibit 3, supplements the parties'

Engagement Agreement by providing instructions for the distribution of any arbitration proceeds.

       8.      There is no question that the State Court Action "relates to" the PFPA and the

arbitration agreement it contains. The Petition incorporates the PFPA by reference and includes

extensive discussion of it. *See* Petition ¶¶ 11, 12, 13, 14, 15, 18, 26, 30, 33, 34. The gravamen of

Plaintiff's complaint is that Defendants violated the terms of the PFPA, colluded in Burford's

breach of that agreement, or, alternatively, fraudulently induced that agreement. Specifically,

Plaintiff alleges:

- The PFPA "contained a cap" on legal spending for the arbitration, which Defendants exceeded. Petition ¶¶ 11, 26(a).

- The PFPA "contained complicated and confusing provisions for payment of a 'Success Return' to be paid to Burford *and* Defendants in the event Plaintiff was successful in the

---

[1] The Petition refers to this agreement as the Forward Purchase Funding Agreement or "FPFA."

arbitration." Petition ¶ 12; *see also* PFPA § 1 (defining "Success Return"). Plaintiff suggests that the formula for the Success Return incentivized Defendants to reach or exceed the PFPA's spending cap. *See* Petition ¶ 13.

- Defendants and Burford "colluded" to execute "an amendment to the PFPA" without Plaintiff's consent. Petition ¶¶ 14-15, 26(d). This amendment allegedly "increase[d] the cap on expenditure for Defendants' legal fees" and thereby "increase[d] Plaintiff's potential liability in Success Return." *Id.*

- After King & Spalding secured payment of the entire $45 million judgment, Defendants "relied on Burford to calculate the allocation" between Mr. Trinh, Burford, and King & Spalding. Petition ¶ 18. Plaintiff alleges that Burford "factored in amounts well beyond the cap Plaintiff agreed to in the [PFPA]," resulting in "a gross overpayment to both Burford and Defendants." *Id.* According to Plaintiff, Burford also failed to calculate insurance premiums as required by the PFPA. *Id.* ¶ 26(e). Defendants then distributed funds "without fully understanding the legal bases of calculations utilized." *Id.* ¶ 26(f).

- In the alternative, Plaintiff alleges that Defendants made fraudulent statements or misrepresentations of material fact regarding the amount of fees to be collected and the manner of disbursement set forth in the PFPA, which fraudulently induced Plaintiff to enter that agreement. Petition ¶¶ 30-34.

9.      Because these claims arise out of and relate to the PFPA and the Counsel Letter, the PFPA's arbitration clause provides a defense. *See* PFPA § 7.4 (requiring arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement or any other Transaction Document, or the breach thereof"). Although Defendants are not signatories to the PFPA, they are third-party beneficiaries of the funding agreement and are therefore entitled to invoke the arbitration provision contained therein. *See GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1643-44 (2020) ("[A]rbitration agreements may be enforced by non-signatories through … third-party beneficiary theories[.]") (citation omitted). Defendants are also party to the Counsel Letter expressly incorporated into the PFPA as well as the Engagement Agreement attached to it. *See id.* ("[A]rbitration agreements may be enforced by non-signatories through … incorporation by reference[.]") (citation omitted); *see also* PFPA §§ 1, 7.4, Ex. D. Moreover, because Plaintiff relies on the terms of the PFPA in asserting claims against Defendants, he is estopped to deny that those claims are arbitrable. *GE Energy*, 140 S. Ct. at 1644.

10.     There is likewise no question that the arbitration agreement in the PFPA "fall[s]

under" the Convention: First, the PFPA's arbitration provision is a broad written agreement to

arbitrate all disputes "arising out of or relating to this Agreement or any other Transaction

Document," including the Counsel Letter. PFPA §§ 1, 7.4. Second, the agreement provides for

arbitration in Chicago, Illinois, within the territory of a Convention signatory. PFPA § 7.4; *see

also Francisco*, 293 F.3d at 273 (confirming the United States is a signatory to the Convention).

Third, the agreement arises out of a commercial relationship, formed for the purpose of funding

legal proceedings prosecuted by Defendants on behalf of Mr. Trinh. *See generally* PFPA; *see also

S & T Oil Equip. & Mach., Ltd. v. Juridica Invs. Ltd.*, 456 F. App'x 481, 482-84 (5th Cir. 2012)

(confirming that litigation financing is a commercial relationship). Finally, a party to the

agreement, Mr. Trinh, is not an American citizen. *See* Petition ¶ 2 (alleging that Mr. Trinh is a

citizen of the Netherlands).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

11.     This Notice of Removal is timely filed. When removing under the Convention, a

defendant is not bound by the 30-day deadline in 28 U.S.C. § 1446(b) but may instead remove at

any time before trial.  *See* 9 U.S.C. § 205 ("[T]he defendant or the defendants may, *at any time

before the trial thereof*, remove such action or proceeding to the district court of the United States

for the district and division embracing the place where the action or proceeding is pending.")

(emphasis added). In any event, this Notice of Removal is being filed within 30 days of the

commencement of the State Court Action, so it would be timely even if the time period set forth

in § 1446(b) applied.

12.     All three Defendants join in this Notice of Removal and consent to removal.

13.     The Southern District of Texas, Houston Division, embraces Harris County, the place where the State Court Action is pending. Venue is therefore proper in this district and division under 9 U.S.C. § 205.

14.     In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, an index of matters being filed here, a copy of all pleadings and process filed in the State Court Action, the state court docket sheet, and a list of counsel, including addresses, telephone numbers and parties represented, are attached hereto. *See* Exhibits 1, 4-7. To date, no executed process has been filed, and no state court orders have issued.

15.     Plaintiffs have demanded a jury trial. *See* Petition ¶ 39.

16.     By filing this Notice of Removal, Defendants do not waive any defenses, affirmative claims, counterclaims, or third-party claims that may be available.

## CONCLUSION

WHEREFORE, because this Court has jurisdiction under the Convention, Defendants hereby remove the above-captioned case from the 80th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

DATED:   July 9, 2021

Respectfully Submitted,

**GIBBS & BRUNS LLP**

By:     */s/ Barrett H. Reasoner*

GIBBS & BRUNS, L.L.P.
Barrett H. Reasoner
breasoner@gibbsbruns.com
Anthony N. Kaim
akaim@gibbsbruns.com
Scott A. Humphries
shumphries@gibbsbruns.com
Caitlin Halpern
chalpern@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

**ATTORNEYS FOR DEFENDANTS
KING & SPALDING, REGINALD R. SMITH,
AND CRAIG S. MILES**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2021, a true and correct copy of the foregoing

document was served on the following counsel of record:

Brett Wagner
brett@dwlawyers.com
Ryan W. Smith
ryan@dwlawyers.com
DOHERTY WAGNER
13810 Champion Forest Drive, Suite 225
Houston, Texas 77069
Telephone: (281) 583-8700
Facsimile: (281) 583-8701

**ATTORNEYS FOR PLAINTIFF TRINH VINH BINH**

*/s/ Barrett H. Reasoner*
Barrett H. Reasoner