IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRINH VINH BINH, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:21-cv-02234 |
| KING & SPALDING, LLP, REGINALD R. SMITH, and CRAIG S. MILES, | § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S MEMORANDUM IN
RESPONSE TO DEFENDANTS' MOTION TO SEAL**

Plaintiff asks the Court to deny Defendants' motion to seal judicial records.

### I. Introduction

Plaintiff is Trinh Vinh Binh (hereinafter "Plaintiff" or "Binh"); Defendants are King & Spalding, LLP ("K&S"), Reginald R. Smith ("Smith"), and Craig S. Miles ("Miles") (collectively "Defendants").

Plaintiff sued Defendants in State District Court in Harris County, Texas for breach of fiduciary duty and negligence arising from their various failures, negligence, and breaches of fiduciary duty in regard to Plaintiff's underlying arbitration proceedings and the award therefrom.

On July 9, 2021, Defendants removed Plaintiff's state court case to this Court alleging jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") found at 9 U.S.C. § 205.

On July 20, 2021, Defendants asked the Court to seal the following judicial records; (1) Exhibit 1 to Defendants' Motion to Seal, a Prepaid Forward Purchase Agreement ("PFPA") executed by Plaintiff and a third-party litigation funding company, and (2) Exhibit 2 to Defendants' Motion to

Seal, a "Counsel Letter" signed by Plaintiff, and shared contemporaneously with the third-party funder. Justice would not be served by the Court sealing the records in this case.

## II. <u>Argument</u>

A court may seal judicial records if the interests favoring nondisclosure in a particular case outweigh the presumption in favor of the public's common-law right of access to judicial records. *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690-91 (5th Cir. 2010); *see Pintos v. Pac. Creditors Ass'n.*, 605 F.3d 665, 678 (9th Cir. 2010); *Romero v. Drummond Co.,* 480 F.3d 1234, 1245-46 (11th Cir. 2007; *cf. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978) (criminal case). However, this is not a case in which the Court should do so.

The party seeking to seal records bears a heavy burden to overcome the presumption of the public's common-law right of access. *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.,* 686 F.3d 1115, 1119 (9th Cir. 2012); *see Miller v. Ind. Hosp. Corp.*, 16 F.3d 549, 551 (3rd Cir. 1994). The movant seeking to seal court records meets their burden by identifying specific portions of the documents they allege should be secret, the negative effects that could be occasioned by disclosure, and why avoiding these alleged negative effects by sealing outweighs the public's right to access the public's right to access the documents. *See Cameron Int'l. Corp. v. Abbiss*, CIV.A. No. H-16-2117, 2016 WL 8738399 at *1 (S.D. Texas, Houston Div. November 4, 2016); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (Court order sealing documents did not identify trade secrets or confidential information to be protected and did not consider efficacy of redaction).

    **a. Defendants have failed to meet their burden to overcome the presumption against sealing.**

In this case, Defendants have not performed any such analysis and have failed to meet their heavy burden to deny the public access to the Court's records. In their motion to seal, Defendants

assert that the information contained in the documents is "non-public". Defendants do not identify any specific part of either the Counsel Letter or PFPA that contains secret information or how, if at all, Defendants would/could be harmed by its disclosure. This limb of the test is left unfulfilled. Rather than attempt to identify parts of either document Defendants assert deserve secrecy and offer a less restrictive means of protecting that information by redaction, Defendants simply claim the entirety of the documents should be sealed.[1]

Additionally, sealing these documents in this litigation would be a moot exercise because Defendants already filed them in the Harris County electronic filing system as a "sensitive document", but did not file it under seal or move the state district court to seal its records with respect to them. These same documents are therefore already accessible by all attorneys in the state court system. This wide-spread availability of the same documents in the state court filing system makes moot their effort to seal the same documents in this litigation.

Without any explanation as to what harm would come to Defendants from disclosure of these documents, or any level of specificity or analysis of the public's right to access versus the need to seal the documents, Defendants have failed to meet their burden to overcome the presumption against sealing the documents.

### b. Defendants are not entitled to assert confidentiality of the documents.

Defendants' sole legal support for this overbroad and ill-defined assertion of secrecy is that public policy strongly favors maintaining the bargained-for confidentiality of contracts. *See Defendants' Motion to Seal* at 2. However, Defendants fail to identify where they bargained for confidentiality in either of the two documents they seek to seal.

---

[1] Counsel for Plaintiff attempted to confer with counsel for Defendants in an effort to identify any specific parts of either document that Defendants asserted were particularly sensitive. Defendants maintained their assertion that the entirety of each document should be sealed and refused to consider redaction as a remedy.

- 3 -

The Counsel Letter is just that; a unilateral instruction letter from Plaintiff, signed by Plaintiff acknowledged by Defendants and the third-party funder relating to a contemplated financial transaction.  There is nothing confidential or privileged about this communication as communications between attorney and client related only to financial transactions are not covered by attorney-client privilege.  *See United States v. Davis,* 636 F.2d 1028, 1043-44 (5th Cir. 1981). Even so, assuming for the sake of argument only that the Counsel Letter was covered by attorney-client privilege, that privilege belongs to the client, Plaintiff in this case, who is completely free to disclose the information as the privilege is meant to protect the client, not the attorney.  *See Wirtz v. Fowler*, 372 F.2d 315, 332 (5th Cir. 1966) (rev'd on other grounds).  There is no bargained-for confidentiality expressed or implicit in the Counsel Letter; certainly, none that Defendants have identified for this Court.

The PFPA is not an agreement between Defendants and Plaintiff.  Rather, the parties to that agreement are Plaintiff and a third-party funder.  In fact, Defendants explicitly assert that they did not advise Plaintiff about whether to execute the PFPA with the third-party funder citing a conflict of interest.[2]  Thus, Defendants explicitly did *not* bargain for any confidentiality that may or may not attach to any part of the PFPA.  Disclosure of the records will not compromise Defendants' privacy/proprietary interests.  *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946; *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179-80 (6th Cir. 1983).  Defendants have not identified any of their own protected interests and have failed to apply any law or fact to explain how information pertaining to either Plaintiff or the third-party funder could conceivably negatively impact their proprietary or privacy interests to such an extent that it justifies overriding the strong presumption in favor of disclosure.

---

[2] *See* Exh. A, Agreement for Legal Services between Defendants and Plaintiff dated March 18, 2015 at pg. 3.

Moreover, neither Plaintiff nor the third-party funder are herein asserting confidentiality as to any part of the PFPA. Thus, no party with a protected right to confidentiality of either the Counsel Letter or PFPA are seeking to have the records sealed. As stated above, Defendants are not parties to the PFPA and do not allege in their motion to seal that they are asserting any rights of the third-party funder or representing their interests. Indeed, the third-party funder is not a party themselves to this litigation and has not otherwise intervened in any way, whether by pleading, affidavit, or declaration to express any right to secrecy of the PFPA that would outweigh the public's right to access.

### III. Conclusion

Defendants have failed to identify anything in either the Counsel Letter of the PFPA that they claim is "non-public" or sufficiently private or secret to justify overcoming the public policy presumption in favor of the public's right to access. Defendants have also failed to address whether less restrictive means of protecting the non-specific privacy interests would sufficiently balance those interests and why their chosen method of filing the documents in Harris County does not adequately balance their interests with the public's rights. Indeed, Defendants do not identify any right to privacy or secrecy of the documents that they bargained-for that should be protected in this litigation by sealing. Therefore, Defendants have failed to meet their burden and their Motion to Seal the Counsel Letter and PFPA should be denied.

Respectfully submitted,

*/s/ Brett Wagner*

Brett Wagner
State Bar No. 20654270
brett@dwlawyers.com
Ryan W. Smith
State Bar No. 24063010
ryan@dwlawyers.com
DOHERTY WAGNER
13810 Champion Forest Drive, Suite 225
Houston, Texas 77069
281-583-8700 Telephone
281-583-8701 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, a copy of the foregoing Response to Motion to Seal was served on all counsel of record by operation of the CM.ECF filing system.

*/s/ Brett Wagner*
Brett Wagner