IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRINH VINH BINH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-02234 |
| | § | |
| KING & SPALDING LLP, REGINALD | § | |
| R. SMITH, and CRAIG S. MILES, | § | |
| | § | |
| *Defendants*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**1.     State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The parties conferred on Tuesday, September 14, 2021. Brett Wagner of Doherty Wagner LLP conferred on behalf of Plaintiff Trinh Vinh Binh, and Barrett Reasoner, Anthony Kaim, and Caitlin Halpern of Gibbs & Bruns LLP conferred on behalf of Defendants King & Spalding LLP, Reginald R. Smith, and Craig S. Miles.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.     Briefly describe what the case is about.**

Defendants King & Spalding LLP, Reginald R. Smith, and Craig S. Miles represented Plaintiff Trinh Vinh Binh in an arbitration against the Republic of Vietnam. Plaintiff secured litigation funding from a third party, and entered into a Prepaid Forward Purchase Agreement ("PFPA") with the funder. In 2019, Plaintiff was awarded more than $45 million in the arbitration and obtained payment from the Republic of Vietnam. Defendants distributed the proceeds among Mr. Trinh, King & Spalding, and the third-party funder.

Plaintiff alleges that, in the arbitration proceeding, Defendants breached a number of professional obligations owed to Plaintiff in their representation of Plaintiff under their Engagement Letter and applicable law sounding in claims for breaches of fiduciary duty, negligence, and misrepresentation or fraud. Further, Plaintiff alleges that Defendants improperly allocated the arbitration proceeds in violation of their professional obligations to Plaintiff by increasing their

own share and that of the third-party funder at Plaintiff's expense and over Plaintiff's multiple objections. Alternatively, Plaintiff alleges that Defendants made fraudulent statements or misrepresentations of material fact regarding the amount of fees to be collected and the manner of disbursement set forth in the PFPA, which fraudulently induced him to enter that agreement.

Defendants contend that distributions of the arbitral award proceeds were made in accordance with the PFPA and written, irrevocable instructions provided by Mr. Binh at the outset of the arbitration proceeding.

Defendants deny Plaintiff's other allegations of breaches occurring during their representation of Mr. Binh in the arbitration.

The sole issue before this Court is whether Plaintiff's claims should be compelled to arbitration or remanded to state court. Defendants contend that Plaintiff's claims are arbitrable on several bases, including under the New York Convention and the plain terms of the PFPA. Plaintiff responds that Defendants are not signatories to the arbitration agreement in the PFPA and, therefore, cannot compel arbitration of Plaintiff's disputes against Defendants arising out of their representation of Plaintiff under an engagement agreement that does not contain an arbitration agreement and that, in any event Defendants may not benefit from the arbitration clause in the PFPA under other non-signatory theories according to the applicable law of the PFPA.

**4.       Specify the allegation of federal jurisdiction.**

As explained more fully in the Notice of Removal, Defendants contend that this Court has federal question jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention, 9 U.S.C. § 201, *et seq*. The Convention grants original jurisdiction to federal district courts in all actions "falling under the Convention," 9 U.S.C. § 203, and provides that defendants may remove an action to federal court "[w]here the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or award falling under the Convention," *id.* § 205. Defendants contend that the Convention applies because the PFPA contains an agreement in writing to arbitrate the dispute, provides for arbitration in the territory of a Convention signatory, arises out of a commercial relationship, and has at least one party that is not an American citizen. *See id.* § 202.

**5.       Name the parties who disagree and the reasons.**

Plaintiff disagrees that this Court has jurisdiction. As explained more fully in Plaintiff's responsive pleadings to Defendants' Motion to Compel Arbitration and in Plaintiff's Motion to Remand, Plaintiff contends that because Defendants' sole basis for alleging federal question jurisdiction arises under the New York Convention's applicability to cases in which the subject matter relates to an arbitration, the inapplicability of the arbitration agreement in the PFPA to the claims between Plaintiff and Defendants extinguishes the entire basis for Defendants' claim to federal question jurisdiction as they do not "relate to" an arbitration that falls under the Convention.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Defendants' position is that the third-party funder and signatory to the PFPA, Van Buren Funding Co., LLC, should be included in this proceeding once it reaches the forum that will adjudicate the merits of this dispute, either arbitration or state court.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties intend to conduct discovery in the forum that will adjudicate the merits of this dispute, either arbitration or state court. Accordingly, the parties have not exchanged initial disclosures.

**10. Describe the proposed agreed discovery plan, including:**

    **A. Responses to all the mattes raised in Rule 26(f).**
    **B. When and to whom the plaintiff anticipates it may send interrogatories.**
    **C. When and to whom the defendant anticipates it may send interrogatories.**
    **D. Of whom and by when the plaintiff anticipates taking oral depositions.**
    **E. Of whom and by when the defendant anticipates taking oral depositions.**
    **F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
    **G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
    **H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The parties intend to conduct discovery in the forum that will adjudicate the merits of this dispute, either arbitration or state court. Accordingly, the parties respectfully submit that a discovery plan or scheduling order need not issue in this Court.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement regarding the above.

**12.     Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.     State the date the planned discovery can be reasonably completed.**

The date discovery can be reasonably completed will depend on the forum that adjudicates the merits of this dispute, either arbitration or state court. Again, the parties respectfully submit that a discovery plan or scheduling order need not issue in this Court.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties agree that reaching a settlement or other resolution is unlikely at this stage. The parties will revisit the issue after conducting some discovery.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

The first step in resolving this dispute is determining the forum in which the merits of Plaintiff's claims will be adjudicated. To that end, Defendants promptly moved to compel arbitration, while Plaintiff promptly responded to Defendants' motion to compel arbitration and moved to remand. Each party timely responded to the opposing party's motion. Additionally, the parties have agreed to discuss the possibility of reaching a settlement once they have conducted some discovery.

**16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Once some discovery has been conducted, the parties have agreed to consider the possibility of conducting non-binding mediation. In addition, as explained in Defendants' Motion to Compel Arbitration, Defendants' position is that Plaintiff's claims must be resolved in arbitration.

**17.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

**18.     State whether a jury demand has been made and if was made on time.**

Plaintiff made a timely jury demand in the District Court of Harris County, Texas, the court where Plaintiff filed suit before Defendants removed to federal court. Defendants contend that the matter should be arbitrated.

**19.     Specify the number of hours it will take to present the evidence in this case.**

The number of hours it will take to present the evidence in this case will depend on the forum that adjudicates the merits of this dispute, either arbitration or state court.

**20.**     **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Three pending motions could be resolved at the initial pretrial conference:

- Defendants' Motion to Compel Arbitration and to Dismiss Pursuant to Rule 12(b)(1) (filed on July 20, 2021; fully briefed on August 16, 2021)

- Defendants' Motion to Seal (filed on July 20, 2021; fully briefed on August 16, 2021)

- Plaintiff's Motion to Remand (filed on August 9, 2021; fully briefed on August 23, 2021)

**21.**     **List other motions pending.**

None.

**22.**     **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.**     **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

All parties have filed a Disclosure of Interested Parties as directed by the Court's July 13, 2021 Order. Defendants filed their Certificate of Interested Parties on July 28, 2021 and an Amended Certificate of Interested Parties on September 21, 2021. Plaintiff filed his Certificate of Interested Parties on August 18, 2021.

**24.**     **List the names, bar numbers, addresses and telephone numbers of all counsel.**

For Plaintiff:

Brett Wagner
Bar No. 20654270
Ryan Smith
Bar No. 24063010
Doherty Wagner, LLP
13810 Champion Forest Dr., Suite 225
Houston, TX 77069
Telephone: (281) 583-8700

For Defendants:

Barrett H. Reasoner
Bar No. 16641980
Anthony N. Kaim

Bar No. 24065532
Scott A. Humphries
Bar No. 00796800
Caitlin Halpern
Bar No. 24116474
Gibbs & Bruns, LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805


　_/s/ Brett Wagner_____                        ____9/28/2021_____
　Counsel for Plaintiff(s)                                                    Date


　__/s/ Barrett H. Reasoner_____                     ____9/28/2021_____
　Counsel for Defendant(s)                                                 Date