IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRINH VINH BINH, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:21-cv-02234 |
| § | |
| KING & SPALDING, LLP, REGINALD § | |
| R. SMITH, and CRAIG S. MILES, § | |
| § | |
| *Defendants*. § | |

**PLAINTIFF TRINH VINH BINH'S
RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff Trinh Vinh Binh respectfully files this Rule 59(e) Motion to Alter or Amend Judgment, narrowly asking the Court to reconsider the dismissal disposition and, instead, stay the matter pending the Arbitrator's determination of arbitrability of the multiple claims, showing the Court as follows:

### I. Introduction

In this Court's Order of January 10, 2022, the Court ruled that it should "dismiss, rather than stay," Plaintiff's claims against Defendants.  Order, Doc. 25, at 7.  The Court's Order is a final judgment.  Yet, the Court did not conclude that all of Plaintiff's claims against Defendants arbitrable; instead, the Court concluded that "the issue of arbitrability must be resolved by an arbitrator."  *Id.*  Thus, by definition, the Court's Order recognizes on its face that any arbitrator may, in fact, determine that some or all of Plaintiff's claims against Defendants *are not arbitrable.* And if that is the case, Plaintiff's claims must have some place to go: ideally, back in the lawsuit in which Plaintiff originally asserted them — *i.e.*, the present action which Plaintiff filed in Texas state court and which Defendants removed to this Court.

Even assuming for the sake of argument that this Court properly granted Defendants' motion to compel arbitration, the Court should have stayed Plaintiff's claims against Defendants pending the arbitrator's ruling on whether the claims are arbitrable. Plaintiff has now filed an arbitration against Defendants seeking a decision as to the arbitrability of Plaintiff's claims. Accordingly, Plaintiff respectfully requests that the Court vacate its Order of January 10, 2022, and alter or amend its judgment to stay Plaintiff's claims against Defendants, not dismiss them.

## II.  Standard of Review

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may ask a district court to alter or amend — or even vacate — a final judgment. FED. R. CIV. P. 59(e); *see Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 868 & n.1 (5th Cir. 2002). A district court may grant a Rule 59(e) motion to correct a clear error or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *see Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (noting that a Rule 59(e) motion serves the purpose of "allowing a party to correct manifest errors of law").

Generally, a district court's ruling on a Rule 59(e) is subject to review under an abuse of discretion standard. *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017). However, where the court's ruling rests on a question of law, the court's ruling is subject to *de novo* review. *Id.*

## III.  Reservation of Rights

This Rule 59(e) motion focuses on a straightforward issue — whether the Court should have stayed, rather than dismissed, Plaintiff's claims against Defendants. Because a Rule 59(e) motion is an extraordinary remedy, this Rule 59(e) motion does *not* seek to relitigate all of the issues and arguments that Plaintiff previously raised in response to Defendants' Motion to Compel

Arbitration. However, by limiting the focus of this motion, Plaintiff does not intend to waive or concede any of those issues and arguments. In the pending arbitration, Plaintiff expressly reserves the right to argue — and secure a ruling from the arbitrator — that some or all of Plaintiffs' claims against Defendants are *not* arbitrable.

## IV. <u>Argument</u>

Defendants removed this action to federal court solely under the Convention on the Recognition of Foreign Arbitral Awards (the "Convention"). The Convention incorporates the provisions of the Federal Arbitration Act (the "FAA") to the extent that the FAA does not conflict with the express terms of the Convention. 9 U.S.C. § 208. One of the provisions that the Convention incorporates from the FAA is Section 3, which specifies that in any action on "any issue referable to arbitration," the court in which the action is pending shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the [arbitration] agreement." 9 U.S.C § 3; *see Barna Conshipping, S.L. v. 8,000 Metric Tons, More or Less, of Abandoned Steel*, No. H-09-163, 2010 WL 1443542, *5 (S.D. Tex. March 30, 2010).

Here, the Court properly should have *stayed* Plaintiff's claims against Defendants pending the arbitrator's determination of their arbitrability. The Court clearly erred in dismissing Plaintiff's claims.

**A.  A Court Should Stay, and Not Dismiss, an Underlying Action Pending an Arbitrator's Determination of Arbitrability.**

This Court's Order of January 10, 2022, cites *Alford* to conclude that "courts in this Circuit should dismiss, rather than stay, litigation when arbitration will resolve all of the issues in dispute." Order, Doc. 25, at 7 (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1991)). Here, however, whether arbitration will resolve *all* of the issues in dispute is unknown. This Court did not rule that all of Plaintiff's claims against Defendants are arbitrable; rather, the

-3-

Court ruled that the arbitrator — and not the Court — must determine whether Plaintiff's claims are arbitrable. *Id.* Where an arbitrator must decide whether the plaintiff's claims are arbitrable, a district court should stay the plaintiff's action pending the arbitrator's decision. Defendants' motion anticipated this, in asking alternatively for a dismissal or a stay. The Court clearly erred in dismissing Plaintiff's claims against Defendants.

As the Fifth Circuit recognized in *Alford*, the FAA contemplates that when a district court compels a dispute to arbitration, it normally should stay the underlying lawsuit "until the arbitration is complete." *Alford*, 975 F.2d at 1164 (citing 9 U.S.C. § 3). However, the Fifth Circuit noted that the FAA "does not limit dismissal of a case in the proper circumstances." *Id.* In particular, the court in *Alford* emphasized that dismissal is a proper remedy when "*all* of the issues raised in the district court must be submitted to arbitration." *Id.* (emphasis in original). The court in *Alford* reached and decided the question of arbitrability, unlike here where this Court deferred that question to the arbitration tribunal. Concluding that *all* of the plaintiff's claims in *Alford* were arbitrable, the Fifth Circuit stated:

> Given our ruling that *all issues raised in this action are arbitrable* and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-jurisdiction remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Id.* (quoting *Sea-Land Serv., Inc. v. Sea-Land of P.R., Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986)) (emphasis added).

In Defendants' motion to compel arbitration, Defendants relied not on *Alford* but instead on a different Fifth Circuit opinion, *Gilbert*. *See* Mot., Doc. 4, at 1 (citing *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014)). But after issuing *Gilbert*, the Fifth Circuit subsequently acknowledged that the language it had used in *Gilbert* was imprecise. *Ruiz v. Donahoe*, 784 F.3d

247, 249 (5th Cir. 2015).  Citing *Alford*, the Fifth Circuit in *Ruiz* stated that the correct rule is as follows:

> If a dispute is subject to mandatory grievance and arbitration procedures, then the proper course of action is usually to stay the proceedings pending arbitration. However, a dismissal may be appropriate "when *all* of the issues raised in the district court must be submitted to arbitration."

*Id.* at 249-50 (quoting *Alford*, 975 F.2d at 1164) (emphasis in original); *see In re Acis Cap. Mgmt., L.P.,* 604 B.R. 484, 515 (N.D. Tex. 2019) ("[I]n the Fifth Circuit a court may order a stay pending arbitration instead of dismissing a case outright.").

Courts have routinely recognized that if an arbitrator must determine the arbitrability of a plaintiff's claims, the proper course of action is to stay the plaintiff's claims pending the arbitrator's determination of their arbitrability.  *E.g., Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.,* 921 F.3d 522, 538-39 (5th Cir. 2019) (holding that because the parties had agreed to submit the issue of arbitrability to the arbitrator, "[w]e therefore REMAND to the district court to stay the case pending arbitration); *Barney Holland Oil Co. v. FleetCor Tech., Inc.,* No. 4:15-CV-316-A, 2015 WL 4605703, *2 (N.D. Tex. July 31, 2015) (staying the action "until the arbitrator determines the issue of arbitrability"); *see Lasseigne v. Sterling Jewelers, Inc.*, No. 16-16925, 2017 WL 1788292, *6 (E.D. La. May 5, 2017) ("The only remaining question is whether to dismiss Lasseigne's claims or stay the case pending the outcome of the arbitration proceedings. Fifth Circuit precedent makes clear that the latter option is the better one.").[1]

---

[1] *See also Tellez v. International Tutoring Servs., LLC,* No. 3:20-CV-3380-K-BK, 2021 WL 4808652, *4 (N.D. Tex. July 16, 2021); *Goodwin v. Guaranty Bank & Trust Co.*, No. 3:19CV102-M-P, 2019 WL 6312564, *3 (N.D. Miss. Nov. 25, 2019); *Grasso Enters., LLC v. CVS Health Corp.*, 143 F. Supp. 2d 530, 543 (W.D. Tex. 2015); *cf. See RealPage, Inc. v. ACE European Group, Ltd.*, No. 1-12-CV-398, 2013 WL 12136609, *7 (E.D. Tex. May 20, 2013) (noting that "under New York law, the existence of an agreement to arbitrate is not a defense to an action and . . . when a party makes a proper and timely motion to compel arbitration, the proper remedy is to stay the action pending the arbitration").

Unlike in *Alford* where a stay would serve no purpose, a stay of Plaintiff's claims here would serve the purpose of judicial efficiency: "If the arbitrator should conclude that the instant case is not arbitrable, then the stay will be lifted and litigation will resume in this court." *Hawkins v. Region's*, 944 F. Supp. 2d 528, 532 (N.D. Miss. 2013); *see American Income Life Ins. Co. v. Hartin*, No. 6:19-CV-00266-ADA-JCM, 2019 WL 4061686, *1 (W.D. Tex. June 19, 2019) (noting that a stay, rather than dismissal, is a "more practical decision" where some or all of the dispute may return back to the district court for further proceedings); *Stross v. ZipRealty, Inc.*, No. A-13-CA-419-SS, 2013 WL 12080194, *7 (W.D. Tex. Sept. 11, 2013) (staying, and not dismissing, an underlying lawsuit where the arbitration panel "might determine it is not empowered" to decide all of the issues, leaving the plaintiff "free to return to federal court").

Significantly, if some or all of Plaintiff's claims against Defendants are not arbitrable, then under the Convention, this Court should remand those claims back to state court. *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002); *see Kana Energy Servs., Inc. v. Jiangsu Jinshi Mach. Group Co.*, No. H-19-0213, 2019 WL 2208139 (S.D. Tex. May 22, 2019) ("[T]o the extent that claims are not subject to arbitration, they should be remanded to state court."). Plaintiff should not have to file a new action against Defendants in state court if the arbitrator determines that some or all of Plaintiff's claims are not arbitrable; instead, Plaintiff should be able to pursue its claims in the case in which Plaintiff originally brought them — *i.e.,* in the case pending in this Court. *E.g., Stross*, 2013 WL 12080194, at *7. On remand, Plaintiff may then pursue the claims in the state court — and under the same cause number and with the same judge — in which Plaintiff originally filed them. Defendants' removal motion did not argue any scenario in which this Court would retain jurisdiction, such that any future non-arbitrability finding by the arbitrator will lead to reopening of the case here solely for the purpose of remand.

Indeed, dismissing Plaintiff's claims against Defendants in this Court unfairly prejudices Plaintiff in the event that the arbitrator determines that some or all of Plaintiff's claims are not arbitrable. If, in fact, some of Plaintiff's claims are not arbitrable, then Plaintiff properly brought them in state court in the first place. But if Plaintiff has to file a new state court action to pursue any claims over which the arbitrator has declined to exercise jurisdiction, then this Court's Order of January 10, 2022, would potentially raise questions about (1) the preclusive effect of the Court's dismissal of Plaintiff's claims[2] and (2) the effect of any relevant statutes of limitation on Plaintiff's claims. Neither would be an issue if, instead of dismissing Plaintiff's claims, this Court were to stay Plaintiff's claims against Defendants pending the arbitrator's determination of arbitrability.

A stay of Plaintiff's claims against Defendants would not create any undue administrative burden. The Court may administratively close the case pending the arbitrator's determination of arbitrability. *Southwestern Elec. Power Co. v. Certain Underwriters at Lloyds*, 772 F.3d 384, 388 (5th Cir. 2014); *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004); *see McHenry v. JP Chase Morgan Bank, N.A.*, No. 3:20-CV-00699, 2021 WL 264885, *5 (W.D. La. Jan. 11, 2021) ("[T]he Court finds that administrative closure is appropriate, removing this case from the Court's active docket, but providing the parties an opportunity to re-open the case if prudent or necessary."); *see also Sewell v. Waitr Holdings, Inc.*, No. 2:19-CV-00698, 2020 WL 208929, *7 (W.D. La. Jan. 13, 2020).

---

[2]At a minimum, the Court should vacate its Order of January 10, 2022, to clarify that its dismissal of Plaintiff's claims is *without prejudice*, specifying that any re-filing would relate back. *See, e.g.*, *Ambulatory Servs. of Puerto Rico, LLC v. Sankar Nephrology Group, LLC*, No. 4:17-CV-230-A, 2017 WL 1954932, *1 (N.D. Tex. May 9, 2017) (holding that "this action should be stayed until the issue of arbitrability has been resolved, and that if it is resolved in favor of arbitration of the disputes between the plaintiff and defendant, this action should be dismissed without prejudice to the outcome of the arbitration").

The Court clearly erred in dismissing Plaintiff's claims against Defendants. To correct the error and to prevent manifest injustice, Plaintiff respectfully requests that the Court vacate its Order of January 10, 2022, and stay — not dismiss — Plaintiff's claims against Defendants pending the arbitrator's determination of their arbitrability.

**B.     The Court's Order of January 10, 2022, Does Not Address All of Plaintiff's Arguments, Which Show that Some of Plaintiff's Claims Are Plainly Not Arbitrable.**

Whether to stay or dismiss Plaintiff's claims against Defendants is not a purely academic question. As Plaintiff noted in its response to Defendants' motion to compel arbitration, several of Plaintiff's claims plainly are not arbitrable:

> Here, Binh has alleged several claims that plainly have nothing to do with the PFPA. In particular, Binh has alleged several negligence claims that arise from how Defendants presented Plaintiff's claims in the arbitration and how Defendants failed to prove or make certain claims. . . . All of the negligent acts listed in paragraphs 27 and 28 of Plaintiff's Amended Petition have nothing to do with the PFPA and do not arise out of or relate to the PFPA.

Resp., Doc. 15, at 18. The Court's Order of January 10, 2022, does not address Plaintiff's argument that several of his claims fall outside the scope of the arbitration clause in the PFPA.

The arbitration clause in the PFPA states that "[a]ny controversy or claim arising out of or relating to this Agreement or any other Transaction Document . . . shall be settled by confidential arbitration . . . ." Order, Doc. 25, at 2. This Court's Order of January 10, 2022, describes this clause as a "broad arbitration provision," *id.* at 5, but "even broad clauses have their limits." *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). A plaintiff's claim does not "arise out of or relate to" a contract if the claim is "completely independent of the contract and could be maintained without reference to [the] contract." *Ford v. NYCare Health Plans of the Gulf Coast, Inc.*, 141 F.3d 243, 250 (5th Cir. 1998); *see Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 304 (5th Cir. 2021).

Plaintiff's malpractice claims arising from Defendants' handling of the underlying litigation are independent of the PFPA. For example, in paragraphs 27 and 28 of Plaintiff's Amended Petition, Plaintiff complains that Defendants failed to secure proper expert testimony and other evidence in the underlying litigation. *See* Resp., Doc. 15, Exh. E, at 9-10. That claim does not arise out of or relate to the PFPA: Plaintiff can prove a malpractice claim against Defendants for their handling of the underlying litigation without ever referring to the PFPA. Thus, whether the arbitrator or this Court determines the arbitrability of Plaintiff's claims, there is little, if any, doubt that at least *some* of Plaintiff's malpractice claims are *not* arbitrable. *See Jones v. Halliburton Co.*, 583 F.3d 228, 242 (5th Cir. 2009) (noting that claims which fall outside the scope of any arbitration agreement are not arbitrable).

In cases removed to federal court under the Convention, courts have emphasized that a stay is the proper remedy when only some, and not all, of the plaintiff's claims are arbitrable:

> Under these circumstances, where it appears that arbitration cannot be compelled as to all claims, dismissal of the case is inappropriate. . . . Given these circumstances, and considering the Convention's policy favoring retention of jurisdiction over disputes subject to foreign arbitration, this Court concludes that a stay, rather than dismissal, is appropriate here.

*Barna Conshipping, S.L.*, 2010 WL 1443542, at *5; *see Citgo Petroleum Corp. v. M/T Bow Fighter*, No. H-07-2950, 2009 WL 960080, *7 (S.D. Tex. April 7, 2009) (holding that under the Convention a court should stay, and not dismiss, a case where some of the disputed issues "are not subject to arbitration").

Here, at least some of Plaintiff's claims against Defendants plainly are not arbitrable. To prevent manifest injustice, Plaintiff respectfully requests that the Court vacate its Order of January 10, 2022, confirm that some of Plaintiff's malpractice claims do not fall within the scope of the

arbitration clause in the PFPA, and stay — not dismiss — Plaintiff's claims against Defendants pending the outcome of any arbitration between Plaintiff and Defendants.

## V. Conclusion and Prayer

While a district court may dismiss a case after determining that all of the issues are arbitrable, this Court has not determined that all of the issues that Plaintiff has raised against Defendants are arbitrable. Instead, the Court has ruled simply that the arbitrator must determine whether Plaintiff's claims are arbitrable. The arbitrator may, in fact, determine that some or all of Plaintiff's claims are not arbitrable. Indeed, as is evident from the face of Plaintiff's pleadings, some of Plaintiff's claims plainly fall outside the scope of the only even arguably applicable arbitration agreement — the arbitration clause in the PFPA. Accordingly, Plaintiff respectfully requests that the Court vacate its Order of January 10, 2022, and alter or amend its judgment to stay Plaintiff's claims against Defendants, not dismiss them.

Respectfully submitted,

*/s/ Brett Wagner*
Brett Wagner
State Bar No. 20654270
brett@dwlawyers.com
Ryan W. Smith
State Bar No. 24063010
ryan@dwlawyers.com
DOHERTY WAGNER
13810 Champion Forest Drive, Suite 225
Houston, Texas 77069
281-583-8700 Telephone
281-583-8701 Facsimile
**ATTORNEYS FOR PLAINTIFF**

### **CERTIFICATE OF CONFERENCE**

I certify that on January 27, 2022, I conferred by email with Barrett Reasoner, counsel for the Defendants, who confirmed that Defendants are opposed to the relief requested in this motion.

>                     */s/ Brett Wagner*
> Brett Wagner

### **CERTIFICATE OF SERVICE**

I certify that on the 27th day of January, 2022, the foregoing was served on all counsel of record through the ECF system of the Southern District of Texas in accordance with the Federal Rules of Civil Procedure.

>                     */s/ Brett Wagner*
> Brett Wagner